JAMES G. RICE, Oregon State Bar ID Number 82488
Deputy City Attorney
jrice@ci.portland.or.us
Office of City Attorney
1221 SW Fourth Avenue, Room 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Of Attorneys for Defendants City of Portland, Officer Abrahamson and Officer Resch

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| LARRY NEEL,<br><br>   PLAINTIFF,<br><br>   v.<br><br>OFFICER ABRAHAMSON, Individually and as a Police Officer, OFFICER RESCH, Individually and as a Police Officer, OFFICER LEO BESNER, Individually and as a Police Officer, CITY OF PORTLAND, a municipal corporation, MULTNOMAH COUNTY, a public entity,<br><br>   DEFENDANTS. | PETITION FOR REMOVAL |

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON:

The petition of the City of Portland for the removal of this action from the Circuit Court of the State of Oregon for the County of Multnomah to the United States Court for the District of Oregon shows:

\\\\\

\\\\\

Page 1 —   PETITION FOR REMOVAL

1. Petitioner is a defendant in a civil action brought against it in the Circuit Court of the State of Oregon for the County of Multnomah entitled: <u>Larry Neel v. Officer Abrahamson, et al</u>, No.0703-02601. Pursuant to 28 USC § 1446(a), copies of the summons and complaint in that action is attached to this notice and constitutes all processes, pleadings, and orders served upon defendant in such action up to the present date.

2. The aforesaid action was commenced by the filing of said complaint with the county clerk for Multnomah County, Oregon on March 7, 2007. A copy of Summons and Complaint was served upon the Portland City Attorney at the Offices of the City Attorney in Portland, Oregon on March 12, 2007. A copy of Summons and Complaint was served upon Officer Reich on March 13, 2007. A copy of Summons and Complaint was served upon Officer Abrahamson on March 14, 2007.

3. Each of the named defendants in this case agree this action should be removed from state to federal court.

4. Petitioner has filed no pleadings in this cause. This notice of removal is filed within 30 days after service of process.

5. The controversy between plaintiff and petitioner is a controversy arising under the United States Constitution and laws.

6. This action is removable under 28 USC § 1441(a) – (b).

7. This is an action of civil nature over which this court has original jurisdiction pursuant to the provisions of 28 USC §§ 1331 and 1343, in that it is a suit for damages on account of an alleged violation of plaintiff's rights, privileges and immunities secured by the Constitution and laws of the United States.

\\\\\

\\\\\

\\\\\

\\\\\

Page 2 –   PETITION FOR REMOVAL

WHEREFORE, petitioner prays that the above action now pending against it in the Circuit Court of the State of Oregon for the County of Multnomah be removed therefrom to the United States District Court for the District of Oregon.

Dated this 10th day of April, 2007.

Respectfully submitted,

_____
JAMES G. RICE
OSB #82488
Telephone: (503) 823-4047
Deputy City Attorney Of Attorneys for
Defendants Officer Abrahamson, Officer Resch
and City of Portland

STATE OF OREGON      )
                     ) ss.
County of Multnomah  )

I, JAMES G. RICE, being first duly sworn, depose and say: I am one of the attorneys for petitioner; I have examined the foregoing petition, know the contents thereof, and the same is true as I verily believe.

_____
James G. Rice

SUBSCRIBED AND SWORN TO before me this 10th day of April, 2007.

OFFICIAL SEAL
PENNY KOZAR
NOTARY PUBLIC-OREGON
COMMISSION NO. 371749
MY COMMISSION EXPIRES SEP. 14, 2007

_____
Notary Public for Oregon
My commission expires: 9/14/07

Page 3 – PETITION FOR REMOVAL

RECEIVED

MAR 1 2 2007

City Attorneys Office
1:23 pm

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

LARRY NEEL, Plaintiff ) No. 0703-02601
)
v. ) SUMMONS
)
OFFICER ABRAHAMSON, Individually )
and as a Police Officer, )
OFFICER RESCH, Individually )
and as a Police Officer, )
OFFICER LEO BESNER, Individually )
and as a Police Officer, )
CITY OF PORTLAND, a municipal )
corporation, )
MULTNOMAH COUNTY, a public entity, )
Defendants. )

To: Linda Meng, City Attorney, 1221 SW 4th Avenue, Room 430, Portland, OR 97204

You are hereby required to appear and defend the complaint filed against you in the above entitled action within 30 days (thirty) from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**

**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

/s/
Signature of Attorney for Plaintiff

Kelly M. Doyle, OSB#84039
8430 SW 22nd Avenue
Portland, OR 97219
503-244-3717

STATE OF OREGON, County of Multnomah,
I, the undersigned attorney of record for the plaintiff, certify that the foregoing in an exact copy of the original summons in the above-entitled action.

/s/ Kelly M Doyle
Signature of Attorney for Plaintiff

TO THE OFFICER OF OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom of which this summons is directed, and to make your proof of service on the reverse or upon a separate similar document which you shall attach hereto.

/s/
Kelly M. Doyle, Attorney for Plaintiff

1-SUMMONS

DOYLE LAW PC
Kelly M. Doyle, Attorney at Law, OSB #84039, kdoyleatty@aol.com
8430 SW 22nd Avenue, Portland, OR 97219, (503) 224-3717

*James Resch*
*031307*
*1245*
*Personally.*

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| LARRY NEEL, Plaintiff | ) No. **0703-02601** |
| v. | ) |
| | ) SUMMONS |
| OFFICER ABRAHAMSON, Individually and as a Police Officer, | ) |
| OFFICER RESCH, Individually and as a Police Officer, | ) |
| OFFICER LEO BESNER, Individually and as a Police Officer, | ) |
| CITY OF PORTLAND, a municipal corporation, | ) |
| MULTNOMAH COUNTY, a public entity, | ) |
| Defendants. | ) |

To: Officer Resch (37142) 1111 S.W. Second Avenue, Portland, OR 97204

You are hereby required to appear and defend the complaint filed against you in the above entitled action within 30 days (thirty) from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**

**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

/s/
Signature of Attorney for Plaintiff

Kelly M. Doyle, OSB#84039
8430 SW 22nd Avenue
Portland, OR 97219
503-244-3717

STATE OF OREGON, County of Multnomah,
I, the undersigned attorney of record for the plaintiff, certify that the foregoing in an exact copy of the original summons in the above-entitled action.

/s/ Kelly M Doyle
Signature of Attorney for Plaintiff

TO THE OFFICER OF OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom of which this summons is directed, and to make your proof of service on the reverse or upon a separate similar document which you shall attach hereto.

/s/
Kelly M. Doyle, Attorney for Plaintiff

1-SUMMONS

DOYLE LAW PC
Kelly M. Doyle, Attorney at Law, OSB #84039, kdoyleatty@aol.com
8430 SW 22nd Avenue, Portland, OR 97219, (503) 224-3717

G05-0519-01 Rn

Susan Abrahamson
031407 1420
Received Personally

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF MULTNOMAH

LARRY NEEL, Plaintiff ) No.
)
v. ) SUMMONS  0703-02601
)
OFFICER ABRAHAMSON, Individually )
and as a Police Officer, )
OFFICER RESCH, Individually )
and as a Police Officer, )
OFFICER LEO BESNER, Individually )
and as a Police Officer, )
CITY OF PORTLAND, a municipal )
corporation, )
MULTNOMAH COUNTY, a public entity, )
Defendants. )

To: Officer Abrahamson, (31943) 1111 S.W. Second Avenue, Portland, OR 97204

You are hereby required to appear and defend the complaint filed against you in the above entitled action within 30 days (thirty) from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

**NOTICE TO DEFENDANT:**

**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

/s/
Signature of Attorney for Plaintiff

Kelly M. Doyle, OSB#84039
8430 SW 22nd Avenue
Portland, OR 97219
503-244-3717

STATE OF OREGON, County of Multnomah,
I, the undersigned attorney of record for the plaintiff, certify that the foregoing in an exact copy of the original summons in the above-entitled action.

/s/ Kelly M Doyle
Signature of Attorney for Plaintiff

TO THE OFFICER OF OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom of which this summons is directed, and to make your proof of service on the reverse or upon a separate similar document which you shall attach hereto.

/s/
Kelly M. Doyle, Attorney for Plaintiff

1-SUMMONS

DOYLE LAW PC
Kelly M. Doyle, Attorney at Law, OSB #84039, kdoyleatty@aol.com
8430 SW 22nd Avenue, Portland, OR 97219, (503) 224-3717

C05-0519-01 BC

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| LARRY NEEL, Plaintiff<br><br>v.<br><br>OFFICER ABRAHAMSON, Individually and as a Police Officer,<br>OFFICER RESCH, Individually and as a Police Officer,<br>OFFICER LEO BESNER, Individually and as a Police Officer,<br>CITY OF PORTLAND, a municipal corporation,<br>MULTNOMAH COUNTY, a public entity.<br>                    Defendants. | ) No.<br>)<br>)<br>) COMPLAINT (False Arrest and Imprisonment,<br>) Violations of 42 U.S.C.A. § 1983, Assault and Battery,<br>) Negligent and Wrongful Handling of Taser, Excessive<br>) Force, Negligence)<br>)<br>)<br>)<br>) REQUEST FOR JURY TRIAL<br>)<br>) NOT SUBJECT TO MANDATORY ARBITRATION<br>)<br>) |

1.

Plaintiff, Larry Neel, is at all time mentioned was, a resident of Portland, Multnomah County, State of Oregon.

2.

At all times relevant to this action, Defendant, Officer Abrahamson was a duly appointed and acting Police Officer employed by City of Portland. As such, Defendant Officer Abrahamson was a duly appointed agent authorized to enforce the laws of the State of Oregon and was so acting under the color of the law of the State of Oregon at all time relevant to this action.

3.

At all times relevant to this action, Defendant, Officer Resch was a duly appointed and acting Police Officer employed by City of Portland. As such, Defendant Officer Resch was a duly appointed agent authroized to enforce the laws of the State of Oregon and was so acting under the color of the law of the State of Oregon at all time relevant to this action.

4.

1- COMPLAINT

At all times relevant to this action, Defendant, Leo Besner was a duly appointed and acting Police Officer employed by City of Portland. As such, Defendant Leo Besner was a duly appointed agent authorized to enforce the laws of the State of Oregon and was so acting under the color of the law of the State of Oregon at all time relevant to this action.

5.

Defendant City of Portland is and at all times mentioned was a municipal corporation authorized to do business in the State of Oregon.

6.

Defendant Multnomah County is and at all time mentioned was a public entity.

7.

On or about March 8, 2005, at approximately 0827PM, Defendants Officer Resch and Officer Abrahamson knocked on the door of Plaintiff Larry Neel's trailer located at 1631 NE Thurman. Plaintiff Larry Neel refused to open the door to his trailer. Defendants Officer Resch and Officer Abrahamson opened the door to Plaintiff's trailer, entered and pulled Plaintiff Larry Neel outside. Defendants Officer Resch and Officer Abrahamson conducted a warrant less search of Plaintiff's trailer.

8.

As Defendant Officer Abrahamson searched Plaintiff Larry Neel, Plaintiff Neel complained that Defendant Officer Abrahamson was hurting him. As Plaintiff Larry Neel lost his balance, Defendant Officer Leo Besner deliberately stepped on Plaintiff Larry Neel's foot. After losing his balance, Plaintiff Larry Neel sat down abruptly and attempted to kick Defendant Officer Besner. Defendant Leo Besner hit Plaintiff Larry Neel with the outstretched baton he was holding, shot Plaintiff Larry Neel with his taser without warning. Plaintiff Larry Neel sustained two probes to the chest. As Defendant Officer Besner attempted to bring Plaintiff Larry Neel to his feet, Plaintiff Larry Neel sustained cuts to his face from the gravel on the ground. Plaintiff Larry Neel was arrested, taken into custody, and transported to MCDC, where he was detained.

9.

On or about May 5, 2005, Multnomah County Circuit Judge LaBarre ordered Plaintiff to be released on

2- COMPLAINT

his own recognizance. Plaintiff was not released by Multnomah County. On or about May 10, 2005, Multnomah County Circuit Judge LaBarre again ordered Plaintiff to be released. Plaintiff was imprisoned for more than 60 days without trial.

10.

FOR HIS FIRST CLAIM FOR RELIEF AND FIRST CLAIM AGAINST DEFENDANTS ABRAHAMSON, RESCH, AND BESNER (FALSE ARREST AND IMPRISONMENT), Plaintiff alleges:

12.

This cause of action is brought by Plaintiff against Defendants Abrahamson, Resch, and Besner for deprivation of Plaintiff's constitutional rights to be secure against unreasonable search and seizure, within the meaning of the Oregon Constitution Article I, § 9.

13.

At all time relevant herein, Defendants Abrahamson, Resch, and Besner subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Oregon Constitution and laws of the State of Oregon.

14.

Acting under the color of law, Defendants acted with the intention of confining Plaintiff within fixed boundaries, the act directly or indirectly resulted in confinement, and Plaintiff was conscious of the confinement.

15.

As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants Abrahamson, Resch, and Besner, Plaintiff sustained a) damage to and loss of Plaintiff's personal property, b) severe physical injury, causing Plaintiff great pain of body and anguish of mind and, c) was prevented from transacting his usual business. All of which have caused plaintiff general damage in the sum of $100,000.

16.

Due notice to Defendants under all applicable statutes has been given.

3- COMPLAINT

DOYLE LAW PC
Kelly M. Doyle, Attorney at Law, OSB #84039, kdoyleatty@aol.com
8430 SW 22nd Avenue, Portland, OR 97219, (503) 224-3717

17.

FOR HIS SECOND CLAIM FOR RELIEF AND FIRST CLAIM AGAINST DEFENDANT CITY OF PORTLAND ( FALSE ARREST AND IMPRISONMENT) Plaintiff repeats and realleges Paragraphs 1- 7 of the First Claim for Relief, as if expressly set forth at length.

18.

This cause of action is brought by Plaintiff against Defendant City of Portland for deprivation, by its agents, servants, or employees, of Plaintiff's constitutional rights to be secure against unreasonable search and seizure, within the meaning of the Oregon Constitution Article I, § 9.

19.

At all time relevant herein, Defendants Abrahamson, Resch, and Besner were agents, servants, or employees of Defendant City of Portland.

20.

Acting under the color of law, Defendants Abrahamson, Resch, and Besner, while an agent, servant, or employee of Defendant City of Portland, acted with the intention of confining Plaintiff within fixed boundaries, the act directly or indirectly resulted in confinement, and Plaintiff was conscious of the confinement.

21.

As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants Abrahamson, Resch, and Besner, while an agent, servant, or employee of Defendant City of Portland, Plaintiff sustained a) damage to and loss of Plaintiff's personal property, b) severe physical injury, causing Plaintiff great pain of body and anguish of mind and, c) was prevented from transacting his usual business. All of which have caused plaintiff general damage in the sum of $100,000.

22.

Due notice to Defendant under all applicable statutes has been given.

23.

FOR HIS THIRD CLAIM FOR RELIEF AND SECOND CLAIM AGAINST DEFENDANTS ABRAHAMSON, RESCH, AND BESNER ( VIOLATIONS OF 42 U.S.C.A. § 1983), Plaintiff repeats

4- COMPLAINT

DOYLE LAW PC
Kelly M. Doyle, Attorney at Law, OSB #84039, kdoyleatty@aol.com
8430 SW 22nd Avenue, Portland, OR 97219, (503) 224-3717

and realleges Paragraphs 1- 7 of the First Claim for Relief, as if expressly set forth at length.

24.

At all times relevant herein, the conduct of Defendants Abrahamson, Resch, and Besner was subject to 42 U.S.C.A. § 1983.

25.

Acting under the color of law, Defendants Abrahamson, Resch, and Besner worked a denial of Plaintiff's rights, privileges or immunities secured by the U.S. Constitution or by Federal law to wit,

   a) by depriving Plaintiff of his liberty without due process of law, by intentionally taking Plaintiff into custody, and unlawfully holding Plaintiff there against his will,

   b) by making an unreasonable search and seizure of his property without due process of law.

26.

The above-described actions of Defendants Abrahamson, Resch, and Besner subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C.A. § 1983.

27.

As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants Abrahamson, Resch, and Besner, Plaintiff sustained a) damage to and loss of Plaintiff's personal property, b) severe physical injury, causing Plaintiff great pain of body and anguish of mind and, c) was prevented from transacting his usual business. All of which have caused plaintiff general damage in the sum of $100,000.

28.

Due notice to Defendants under all applicable statutes has been given.

29.

FOR HIS FOURTH CLAIM FOR RELIEF AND SECOND CLAIM AGAINST DEFENDANT CITY OF PORTLAND (VIOLATIONS OF 42 U.S.C.A. § 1983) Plaintiff repeats and realleges Paragraphs 1-

5- COMPLAINT

1  7 of the First Claim for Relief, as if expressly set forth at length.

2  30.

3  This cause of action is brought by Plaintiff against Defendant City of Portland for deprivation by its agents, servants, or employees, Defendants Abrahamson, Resch, and Besner, of Plaintiff's constitutional rights within the meaning of 42 U.S.C.A. § 1983.

6  31.

7  The above-described actions of Defendants Abrahamson, Resch, and Besner, while an agent, servant, or employee of Defendant City of Portland, subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C.A. § 1983.

12  32.

13  As a direct and proximate result of the above-mentioned unconstitutional acts of Defendants Abrahamson, Resch, and Besner, Plaintiff sustained Plaintiff sustained a) damage to and loss of Plaintiff's personal property, b) severe physical injury, causing Plaintiff great pain of body and anguish of mind and, c) was prevented from transacting his usual business. All of which have caused plaintiff general damage in the sum of $100,000.

18  33.

19  Due notice to Defendant under all applicable statutes has been given.

20  34.

21  FOR HIS FIFTH CLAIM FOR RELIEF AND FIRST CLAIM AGAINST DEFENDANT BESNER (ASSAULT AND BATTERY), Plaintiff repeats and realleges Paragraphs 1- 7 of the First Claim for Relief, as if expressly set forth at length.

24  35.

25  This cause of actions is brought by Plaintiff against Defendant Officer Leo Besner for assault and battery.

27  ///

28  6- COMPLAINT

36.

As a direct and proximate result of the above-described illegal actions of Defendant Besner, including his excessive and unnecessary use of force, Plaintiff sustained severe physical injury, causing Plaintiff great pain of body and anguish of mind, and was prevented from transacting his usual business. All of which have caused plaintiff general damage in the sum of $100,000.

37.

Due notice under all applicable statutes has been given.

38.

FOR HIS SIXTH CLAIM FOR RELIEF AND SECOND CLAIM AGAINST DEFENDANT BESNER NEGLIGENT AND WRONGFUL HANDLING OF TASER, Plaintiff repeats and realleges Paragraphs 1-7 of the First Claim for Relief, as if expressly set forth at length.

39.

This cause of action is brought by Plaintiff against Defendant Leo Besner for his negligent and wrongful acts, including his negligent and careless handling of a taser and not giving warning of taser use.

40.

As a direct and proximate result of the above-described negligence of Defendant Leo Besner, Plaintiff sustained severe physical injury, causing Plaintiff great pain of body and anguish of mind and was prevented from transacting his usual business. All of which have caused plaintiff general damage in the sum of $100,000.

41.

Due notice to Defendant under all applicable statutes has been given.

42.

FOR HIS SEVENTH CLAIM FOR RELIEF AND THIRD CLAIM AGAINST DEFENDANT BESNER (EXCESSIVE FORCE), plaintiff repeats and realleges Paragraphs 1-7 of the First Claim for Relief, as if expressly set forth at length.

///

7- COMPLAINT

43.

This cause of action is brought by Plaintiff against Defendant Leo Besner for his negligent and wrongful acts, including his grossly negligent and reckless acts, including his unnecessary and excessive use of force.

44.

As a direct and proximate result of the above-described negligence of Defendant Leo Besner, Plaintiff sustained severe physical injury, causing Plaintiff great pain of body and anguish of mind and was prevented from transacting his usual business. All of which have caused plaintiff general damage in the sum of $100,000.

45.

Due notice to Defendant under all applicable statutes has been given.

46.

FOR HIS EIGHTH CLAIM FOR RELIEF AND THIRD CLAIM AGAINST DEFENDANT CITY OF PORTLAND (NEGLIGENCE), Plaintiff repeats and realleges Paragraphs 1- 7 of the First Claim for Relief, as if expressly set forth at length.

47.

This cause of action is brought by Plaintiff against Defendant City of Portland for negligence.

48.

The above-described actions by Defendant Leo Besner resulted from the carelessness and negligence of Defendant City of Portland, its agents, servants, employees, or other representatives, in hiring and failing to properly train Defendant Leo Besner.

49.

As a direct and proximate result of the above-described carelessness negligence of Defendant City of Portland, Plaintiff sustained severe physical injury, causing Plaintiff great pain of body and anguish of mind and was prevented from transacting his usual business. All of which have caused plaintiff general damage in the sum of $100,000.

50.

8- COMPLAINT

DOYLE LAW PC
Kelly M. Doyle, Attorney at Law, OSB #84039, kdoyleatty@aol.com
8430 SW 22nd Avenue, Portland, OR 97219, (503) 224-3717

Due notice to Defendant under all applicable statutes has been given.

51.

FOR HIS NINTH CLAIM FOR RELIEF AND FIRST CLAIM AGAINST DEFENDANT MULTNOMAH COUNTY (FALSE IMPRISONMENT - VIOLATION OF ORS 136.290(2)), Plaintiff repeats and realleges Paragraphs 1- 7 of the First Claim for Relief, as if expressly set forth at length.

52.

This cause of action is brought by Plaintiff against Defendant Multnomah County for false imprisonment in violation of Plaintiff's right to release pursuant to ORS 136.290(2).

53.

As a direct and proximate result of the above-described acts of Defendant Multnomah County, Plaintiff sustained great pain of body and anguish of mind and was prevented from transacting his usual business. All of which have caused plaintiff general damage in the sum of $100,000.

54.

Due notice to Defendant under all applicable statutes has been given.

WHEREFORE, plaintiff prays for judgment as follows:

1. For his first claim for relief and first claim against Defendants Abrahamson, Resch, and Besner, the sum of $100,000 general damages and his reasonable costs and attorney fees;

2. For his second claim for relief and first claim against Defendants City of Portland, the sum of $100,000 general damages and his reasonable costs and attorney fees;

3. For his third claim for relief and second claim against Defendants Abrahamson, Resch, and Besner, the sum of $100,000 general damages and his reasonable costs and attorney fees;

4. For his fourth claim for relief and second claim against Defendant City of Portland, the sum of $100,000 general damages and his reasonable costs and attorney fees;

5. For his fifth claim for relief and first claim against Defendant Besner, the sum of $100,000 general damages and his reasonable costs and attorney fees;

6. For his sixth claim for relief and second claim against Defendant Besner, the sum of $100,000 general damages and his reasonable costs and attorney fees;

9- COMPLAINT

7. For his seventh claim for relief and third claim against Defendant Besner, the sum of $100,000 general damages and his reasonable costs and attorney fees;

8. For his eighth claim for relief and third claim against Defendant City of Portland, the sum of $100,000 general damages and his reasonable costs and attorney fees;

9. For his ninth claim for relief and first claim against Defendant Multnomah County, the sum of $100,000 general damages and his reasonable costs and attorney fees.

Respectfully submitted,

*/s/ Kelly M. Doyle*
Kelly M. Doyle, OSB#84039
Attorney for Plaintiff

10- COMPLAINT