IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LARRY NEEL, | ) |
|        Plaintiff, | ) Civil Case No. 07-530-KI |
| vs. | ) OPINION AND ORDER |
| OFFICER ABRAHAMSON, individually and as a police officer, OFFICER RESCH, individually and as a police officer, OFFICER LEO BESNER, individually and as a police officer, CITY OF PORTLAND, a municipal corporation, MULTNOMAH COUNTY, a public entity, | ) |
|        Defendants. | ) |

Kelly M. Doyle
8430 S.W. 22nd Avenue
Portland, Oregon  97219

     Attorney for Plaintiff

Page 1 - OPINION AND ORDER

James G. Rice
Deputy City Attorney
Office of City Attorney
1221 S.W. Fourth Avenue, Room 430
Portland, Oregon 97204

    Attorney for Defendants

KING, Judge:

Plaintiff Larry Neel alleges numerous claims arising from his arrest on March 8, 2005 and defendant Multnomah County's failure to release him pursuant to court order on May 5, 2005. The claims related to Neel's arrest are alleged against Portland Police Officers Abrahamson, Resch, and Besner (collectively, the "Officers") and the City of Portland. Before the court is the Officers' and the City's Motion to Dismiss (#3). For the reasons below, I grant the motion.

## FACTS

Neel alleges that the Officers came to his trailer home on March 8, 2005, entered without permission, conducted a warrantless search of the trailer, tasered Neel, arrested him, and transported him to Multnomah County Detention Center, where Neel was detained.

Neel's tort claim notice, dated Friday, September 2, 2005, was not received by the City until September 6, 2005,[1] as indicated by the date stamp from the City Attorney's Office. Neel's attorney had the Multnomah County Sheriff's Office serve the Summons and Complaint on the defendants. The Sheriff's Proofs of Service, as filed with the Multnomah County Circuit Court

---

[1] I can rely on the tort claim notice, submitted with the Affidavit of Becky Chiao, an adjuster from Risk Management for the City, in this Rule 12(b)(6) motion because Neel alleges that he gave notice to defendants under all applicable statutes.

Page 2 - OPINION AND ORDER

prior to this action's removal to federal court, show that the Officers and the City were served between March 12 through March 14, 2007.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005) (internal quotation omitted). Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Id. The court is not required to accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 972 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005). The court may also review a document extrinsic to the complaint if the authenticity of the document is not contested and the document is integral to the claims. Fields v. Legacy Health System, 413 F.3d 943, 958 n.13 (9th Cir. 2005). A second exception is that a court may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Moreover, the court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998).

## DISCUSSION

I.  Tort Claims

Neel alleges numerous tort claims as follows: Claim One for false arrest and imprisonment against the Officers; Claim Two for false arrest and imprisonment against the City under a respondeat superior theory; Claim Five against Besner for assault and battery; Claim Six

Page 3 - OPINION AND ORDER

against Besner for negligent and wrongful handling of a taser; Claim Seven against Besner for excessive force; and Claim Eight against the City for negligence in hiring and failure to train Besner.

The Officers and the City contend that Neel's tort claim notice is untimely. They note that the Oregon Tort Claims Act ("OTCA") requires notice to be given to a public body "within 180 days after the alleged loss" for claims other than wrongful death. ORS 30.275(2)(b). Plaintiffs have the burden of proof that the tort claim notice was given as required. ORS 30.275(7). Notice must actually be received within the statutory period to be timely. Tyree v. Tyree, 116 Or. App. 317, 320, 840 P.2d 1378 (1992). Moreover, procedural rules on when service is complete, as well as statutes concerning the computation of time, which generally exclude weekends and holidays from the time calculation, do not apply. "ORS 30.275 is not a procedural statute. The requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon Tort Claims Act that, if not satisfied, deprives a plaintiff of the right to make a claim." Id.

Here, the loss occurred on March 8, 2005 and the tort claim notice was received by the City on September 6, 2005, 182 days later. Although the mailing date was within the 180 day period, the receipt date is the one used in analyzing the timeliness. Neel's tort claim notice was untimely and his tort claims must be dismissed.

I will also address defendants' alternative argument, that Neel's claim is time-barred because he did not commence the action within two years after the alleged loss, as required by ORS 30.275(9).

Page 4 - OPINION AND ORDER

A federal court sitting in diversity applies the statute of limitations laws of the state in which it sits. Mendez v. Ishikawajima-Harima Heavy Industries Co., Ltd., 52 F.3d 799, 800 (9th Cir. 1995). Under Oregon law, "commencement" of an action for statute of limitations purposes requires both filing of the complaint and service of the summons on the defendant. Lindsey v. Farmers Ins. Co., 170 Or. App. 458, 463-65, 12 P.3d 571 (2000); see also ORS 12.020(1). There is a savings clause in ORS 12.020(2) for service late by as much as 60 days:

> If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed.

This savings clause is not applicable to OTCA claims, however, due to ORS 30.275(9) (emphasis added):

> Except as provided in ORS 12.120 [escape from sheriff or libel and slander], 12.135 [construction on real property] and 659A.875 [unlawful employment practices], <u>but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action</u>, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury.

The incident occurred on March 8, 2005 but Neel did not serve the Officers or the City until March 12 through March 14, 2007, over two years later. Thus, the tort claims are untimely under the OTCA statute of limitations for this second reason.

For both of these reasons, I dismiss Claims One, Two, Five, Six, Seven, and Eight with prejudice.

II.      <u>Section 1983 Claims against the Officers</u>

Neel alleges Claim Three against the Officers under § 1983 for depriving him of his liberty without due process, taking him into custody and holding him against his will, and making an unreasonable search and seizure of his property without due process. Neel alleges that the Officers "subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C.A. § 1983." Complaint ¶ 26.

> In <u>Graham v. Connor</u>, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989), the Supreme Court directed courts to analyze claims of excessive force under a more specific constitutional provision, if one applies, rather than the general notion of substantive due process. The Court concluded that in most cases, the appropriate constitutional provision will be either the Fourth Amendment's protection against unreasonable seizures or the Eighth Amendment's ban on cruel and unusual punishments. <u>Id.</u> at 394, 109 S. Ct. 1865. The *Graham* rule is grounded in the notion that the specific constitutional provisions provide more guidance to judicial decisionmakers than the more open-ended concept of substantive due process.

<u>Doe ex rel. Doe v. State of Hawaii Dept. of Education</u>, 334 F.3d 906, 908 (9th Cir. 2003). Because Neel's excessive force and illegal search and seizure claim relies on the Fourteenth Amendment's Due Process Clause, I dismiss it but give Neel leave to replead the claim.

III.     <u>Section 1983 Claims against the City</u>

Neel alleges Claim Four pursuant to § 1983 for violations of the Fourteenth Amendment, as in Claim Three, but against the City under a respondeat superior theory of liability based on the actions of the Officers acting as employees of the City. Thus, Claim Four suffers from an additional problem.

A municipality cannot be liable under § 1983 solely based on a respondeat superior theory.  <u>Monell v. Department of Social Services of New York</u>, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978).  The Court held that the word "person" in § 1983 includes municipalities and other local governing bodies which may be liable under any of three theories:  (1) if an employee was acting pursuant to an expressly adopted official policy; (2) if an employee was acting pursuant to a longstanding practice or custom; or (3) if an employee was acting as a final policymaker.  <u>Lytle v. Carl</u>, 382 F.3d 978, 982 (9th Cir. 2004).

Neel's theory is alleged solely on a respondeat superior theory.  Accordingly, I dismiss it but give Neel leave to replead if one of the other theories fit the circumstances.

## CONCLUSION

The Officers' and the City's Motion to Dismiss (#3) is granted.  Neel's Ninth Claim, alleging false imprisonment by Multnomah County in violation of ORS 136.290(2), is the sole remaining claim at this point.  By June 1, 2007, Neel may file an amended complaint repleading his § 1983 claims.

IT IS SO ORDERED.

Dated this ____7th_____ day of May, 2007.

                                                                                                                ___/s/ Garr M. King_____
                                                                                                                Garr M. King
                                                                                                                United States District Judge