IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| LARRY NEEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-530-KI |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| OFFICER ABRAHAMSON, Individually and as a Police Officer, OFFICER RESCH, Individually and as a Police Officer, and OFFICER LEO BESNER, Individually and as a Police Officer, CITY OF PORTLAND, a municipal corporation, MULTNOMAH COUNTY, a public entity, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Kelly M. Doyle
Doyle Law PC
8430 S.W. 22nd Avenue
Portland, Oregon  97219

Attorney for Plaintiff

Page 1 - OPINION AND ORDER

James G. Rice
City of Portland
1221 S.W. Fourth Avenue, Room 430
Portland, Oregon  97204

       Attorney for Defendants

KING, Judge:

Before the court are Defendant Multnomah County's Cost Bill (#100) and the City Defendants' Bill of Costs (#97). The County seeks $223.30 and the City defendants seek $1,407.63.

Plaintiff asks that I deny costs entirely due to his indigence, the closeness of the case, and the chilling effect an award may have on future civil rights plaintiffs.

Federal Rule of Civil Procedure 54(d) creates a presumption in favor of awarding costs to prevailing parties. Two reasons approved by the Ninth Circuit for refusing to award costs are indigence and the chilling effect on future civil rights plaintiffs. Stanley v. University of Southern California, 178 F.3d 1069, 1079 (9th Cir.), cert. denied, 528 U.S. 1022 (1999).

Plaintiff provided evidence that he survives on a Social Security payment of approximately $600 per month. An award of costs would have a devastating effect on his ability to survive. Plaintiff alleged numerous constitutional violations concerning the conduct of the police. The County allegedly kept plaintiff jailed for several days after a judge ordered him released. These types of allegations are of significant public interest. Although plaintiff did not prevail, I agree that his case was a close one, as demonstrated by the jury's difficulty reaching a verdict and the parties' agreement to receive a verdict that was not unanimous.

After considering the issue, I decline to award any costs and deny Defendant Multnomah County's Cost Bill (#100) and the City Defendants' Bill of Costs (#97).

IT IS SO ORDERED.

Dated this        27th         day of May, 2008.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge